**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BULGARI, S.p.A., ) | |
| ) | Case No. 16-cv-06955 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE PARTNERSHIPS and ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A," ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Bulgari, S.p.A. ("Bulgari" or "Plaintiff") hereby brings the present action against

the Partnerships and Unincorporated Associations identified on Schedule A attached hereto

(collectively, "Defendants") and alleges as follows:

**I.    JURISDICTION AND VENUE**

1.    This Court has original subject matter jurisdiction over the claims in this action

pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*., 28 U.S.C. § 1338(a)-(b)

and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under

the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are

so related to the federal claims that they form part of the same case or controversy and derive

from a common nucleus of operative facts.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may

properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in the United States, including Illinois, through at

least the fully interactive, commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Bulgari's trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products using counterfeit versions of Bulgari's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Bulgari substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Bulgari to combat online counterfeiters who trade upon Bulgari's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit products using counterfeit versions of Bulgari's federally registered trademarks (the "Counterfeit BVLGARI Products"). The Defendants create the Defendant Internet Stores by the hundreds or even thousands and design them to appear to be selling genuine BVLGARI products, while actually selling Counterfeit BVLGARI Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the Counterfeit BVLGARI Products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and

2

the full scope and interworking of their counterfeiting operation. Bulgari is forced to file these actions to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit BVLGARI Products over the Internet. Bulgari has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III.   THE PARTIES

**Plaintiff**

4.      Plaintiff Bulgari, S.p.A. is an Italian corporation with its principal place of business at Lungotevere Marzio, 11, Rome, Italy.

5.      Bulgari was founded by Sotirio Bulgari in 1884. In 1905, Sotirio Bulgari, along with his sons Constantino and Giorgio, opened a shop in via Condotti, where the Bulgari flagship store is located today. From its modest beginnings, Bulgari has grown to become one of the world's largest jewelers.

6.      Bulgari's BULGARI trademark has been used in the United States for fine jewelry products and luxury watches since 1970. Bulgari's trademarks, including BULGARI and BVLGARI, have become synonymous with luxurious and elegant products and services.

7.      Bulgari's first international retail location was in New York City. The BVLGARI brand is now highly successful and well known throughout the United States.

8.      Among Bulgari's most important assets is the intellectual property associated with its BVLGARI brand. Specifically, Bulgari owns numerous U.S. trademark registrations for its BVLGARI brand name, as well as other marks used to identify the jewelry and watch designs that it markets and sells. Bulgari also owns U.S. copyright registrations covering many of its

unique and innovative jewelry and watch designs. Finally, Bulgari is the owner of U.S. design patents covering certain of its unique jewelry and watch designs.

9. Bulgari is an internationally recognized manufacturer, distributor and retailer of luxury watches, jewelry and accessories, all of which prominently display its famous, internationally recognized and federally registered trademarks, including BVLGARI and BULGARI (collectively, the "BVLGARI Products"). BVLGARI Products have become enormously popular and even iconic, driven by Bulgari's arduous quality standards and innovative design. Among the purchasing public, genuine BVLGARI Products are instantly recognizable as such. In the United States and around the world, the BVLGARI brand has come to symbolize high quality, and BVLGARI Products are among the most recognizable watches, jewelry and accessories in the world.

10. BVLGARI Products are distributed and sold to consumers through Bulgari boutiques, authorized retailers throughout the United States, such as Saks Fifth Avenue, Neiman Marcus and Nordstrom, and online at us.bulgari.com. A Bulgari boutique is located at 909 N. Michigan Avenue in Chicago's exclusive Magnificent Mile shopping district.

11. Bulgari incorporates a variety of distinctive marks in the design of its various BVLGARI Products. As a result of its longstanding use, Bulgari owns common law trademark rights in its BVLGARI Trademarks. Bulgari has also registered its trademarks with the United States Patent and Trademark Office. BVLGARI Products typically include at least one of Bulgari's registered trademarks. Often multiple Bulgari marks are displayed on a single product. Bulgari uses its trademarks in connection with the marketing of its BVLGARI Products, including the following marks which are collectively referred to as the "BVLGARI Trademarks."

4

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 1,184,684 | BULGARI | For: earrings, bracelets, broaches, rings, necktie pins, buckles, cufflinks, necklaces, all made of precious metals and precious or semi-precious stones; jewelry made of precious metals and precious or semi-precious stones; religious and commemorative medals made of precious metals and precious or semi-precious stones; wristwatches, clocks, pendulum clocks, table clocks; watchcases in class 014. |
| 2,783,515 | BVLGARI | For: retail shops and point-of sale kiosks featuring jewelry, silverware, watches, clothing, leather goods, eyeglasses, perfumery, and desk and writing instruments; providing product information regarding the products for sale by others organized by sector via a global computer network, namely, offering technical assistance in the establishment and/or operation of retail shops and points-of sale kiosks in the fields of jewelry, silverware, watches, clothing, leather goods, eyeglasses, perfumery, and desk and writing instruments; arranging and conducting trade show exhibitions in the field of art, namely, jewelry; business consulting services related to marketing, brand awareness and retail sale of luxury goods and services in class 035. |
| 2,102,804 | BVLGARI | For: retail store services featuring jewelry, watches, knives and spoons, pens, clocks, gift items and perfumery in class 042. |
| 1,736,428 | BVLGARI | For: jewelry in class 014. |
| 4,177,671 | BVLGARI | For: raw and manufactured tobacco; smokers' articles, namely, snuff boxes, cigar and cigarette holders for smoking purposes, cigarette tubes, cigarette filters, cigar and cigarette cases and boxes not of precious metals, smoking pipe racks, smoking pipe cleaners, smoking pipe cleaners with pick, scraper and pipe tamper; matches in class 034. |
| 4,069,230 | BVLGARI | For: real estate services, namely, financing of real estate development projects, real estate investment services in the nature of purchasing and selling of real estate for others, real estate financing services, real estate management, real estate leasing and real estate |

| | | |
|---|---|---|
| | | brokerage, all relating to apartments, flats, condominiums, time-share properties and real estate of all kinds, and facilities and amenities relating thereto; real estate management of vacation homes; lease-purchase financing, leasing of real estate and credit card services; issuance of credit cards; charitable fundraising and eleemosynary services in the field of monetary donations; eleemosynary services in the nature of provision of in-kind monetary contributions to public and private entities and individuals; providing memberships in undivided deed interest clubs, private residence clubs, right to use clubs, and long term lease projects at resort and vacation locations; real estate brokerage services, namely, facilitating the sale, exchange and trade of resort and vacation time for members of resort recreation clubs, real estate time sharing projects, undivided deed interest clubs, private residence clubs, right to use clubs, and long term lease projects; arranging for the exchange of occupancy rights between owners of resort properties in class 036.<br><br>For: hotel services; restaurant, catering, bar and cocktail lounge services; resort lodging services; provision of general-purpose facilities for meetings, conferences and exhibitions; provision of banquet and social function facilities for special occasions; and reservation services for hotel accommodations for others; providing memberships in a club which provides temporary vacation residences; private residence club services, namely, provision to club members of temporary accommodations in company owned or leased private residences in class 043. |
| 3,619,579 | **BVLGARI** | For: non-luminous advertisement display boards of glass; non-luminous advertisement display boards of plastic; non-luminous advertisement display boards of porcelain in class 020. |
| 3,576,455 | **BVLGARI** | For: textiles and textile goods, not included in other classes, namely, apparel fabrics, fabrics of imitation animal skins, fabrics for use in the manufacture of bags, of cases, of purses, and of wallets; fabrics for shawls and scarves in class 024. |

| 3,505,546 | BVLGARI | For: treatment of materials, namely, metals, precious metals, silver, precious stones, fabrics, and leather in class 040. |
| 2,954,459 | BVLGARI | For: belts, ties, scarves, shawls, and stoles in class 025. |
| 1,848,470 | BVLGARI | For: eau de parfum in class 003. |
| 1,826,133 | BVLGARI | For: key rings, money clips, non-electric cigarette lighters, and clothing buttons, all made wholly or in part of precious metal in class 014. |
| 1,682,863 | BVLGARI | For: pens and pen cases in class 016. |
| 1,694,380 | BVLGARI | For: attaché cases, tote bags, purses, valises, wallets in class 018. |
| 1,694,038 | BVLGARI | For: eyeglasses, eyeglass frames, eyeglass cases, sunglasses, sunglass frames, sunglass cases in class 009. |
| 1,693,893 | BVLGARI | For: toiletries, namely, bath creams, toilet soap, skin lotions, shampoos, shaving lotions in class 003. |

12.     The above U.S. registrations for the BVLGARI Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065.   The BVLGARI Trademarks have been used exclusively and continuously by Bulgari, some since at least as early as 1970, and have never been abandoned.   The registrations for the BVLGARI Trademarks constitute *prima facie* evidence of their validity and of Bulgari's exclusive right to use the BVLGARI Trademarks pursuant to 15 U.S.C. § 1057(b).   True and correct copies of the United States Registration Certificates for the above-listed BVLGARI Trademarks are attached hereto as **Exhibit 1**.

13.     The BVLGARI Trademarks are exclusive to Bulgari and are displayed extensively on BVLGARI Products and in Bulgari's marketing and promotional materials.

7

BVLGARI Products have long been among the most popular luxury watches, jewelry and accessories in the world and have been extensively promoted and advertised at great expense. In fact, Bulgari has expended millions of dollars annually in advertising, promoting and marketing featuring the BVLGARI Trademarks. BVLGARI Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items. For example, BVLGARI Products are often seen at star-studded red carpet events, such as the annual Academy Awards and the Cannes Film Festival. Bulgari augments this unsolicited media coverage with extensive paid advertising featuring internationally known celebrities and models, including Julianne Moore and Carla Bruni-Sarkozy in upscale, luxury magazines worldwide, such as *Elle* and *Vogue*. Because of these and other factors, the Bulgari name and the BVLGARI Trademarks are famous throughout the United States.

14.     The BVLGARI Trademarks are distinctive when applied to the BVLGARI Products, signifying to the purchaser that the products come from Bulgari and are manufactured to Bulgari's quality standards. Whether Bulgari manufactures the products itself or licenses others to do so, Bulgari has ensured that products bearing its trademarks are manufactured to the highest quality standards. The BVLGARI Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the BVLGARI Trademarks is of incalculable and inestimable value to Bulgari.

15.     Since at least as early as 1998, Bulgari has operated a website where it promotes and sells genuine BVLGARI Products at us.bulgari.com. Sales of BVLGARI Products via the

us.bulgari.com website represent a significant portion of Bulgari's business. The us.bulgari.com website features proprietary content, images and designs exclusive to Bulgari.

16.     Bulgari has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the BVLGARI Trademarks. As a result, products bearing the BVLGARI Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Bulgari. Bulgari is a multi-million dollar operation, and BVLGARI Products have become among the most popular of their kind in the world. The widespread fame, outstanding reputation, and significant goodwill associated with the BVLGARI brand have made the BVLGARI Trademarks invaluable assets of Bulgari.

**The Defendants**

17.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit BVLGARI Products to consumers within the United States, including the State of Illinois.

18.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing counterfeit versions of the BVLGARI Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to

9

conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Bulgari to learn Defendants' true identities and the exact interworking of their massive counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Bulgari will take appropriate steps to amend the Complaint.

## IV.   DEFENDANTS' UNLAWFUL CONDUCT

19.    The success of the BVLGARI brand has resulted in its significant counterfeiting. Consequently, Bulgari has a worldwide anti-counterfeiting program and regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. In recent years, Bulgari has identified thousands of domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer, eBay, AliExpress, and Alibaba, including the Defendant Internet Stores, which were offering for sale and selling Counterfeit BVLGARI Products to consumers in this Judicial District and throughout the United States. Despite Bulgari's enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2014 was over $1.23 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

20.     Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union and PayPal. Numerous Defendant Domain Names also incorporate the BVLGARI Trademarks into the URL, and the Defendant Internet Stores often include content and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Many Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Bulgari has not licensed or authorized Defendants to use any of the BVLGARI Trademarks, and none of the Defendants are authorized retailers of genuine BVLGARI Products.

21.     Many Defendants also deceive unknowing consumers by using the BVLGARI Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for BVLGARI Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine BVLGARI Products. Other Defendants only show the BVLGARI Trademarks in product images, while using strategic item titles and descriptions that will trigger their listings when consumers are searching for BVLGARI Products.

22.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores.  For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states.  Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information.  On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

23.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores.  For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names.  In addition, Counterfeit BVLGARI Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit BVLGARI Products were manufactured by and come from a common source and that Defendants are interrelated.  The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect

12

grammar and misspellings, similar hosting services, similar name servers, and the use of the same text and images, including content copied from Bulgari's official bulgari.com website.

24.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts.  For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit.  Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received.  Rogue servers are notorious for ignoring take down demands sent by brand owners.  Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.  A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

25.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Bulgari's enforcement efforts.  On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.  Indeed, analysis of PayPal transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

26.     Defendants, without any authorization or license from Bulgari, have knowingly and willfully used and continue to use the BVLGARI Trademarks in connection with the

advertisement, distribution, offering for sale, and sale of Counterfeit BVLGARI Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit BVLGARI Products into the United States, including Illinois.

27.     Defendants' use of the BVLGARI Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit BVLGARI Products, including the sale of Counterfeit BVLGARI Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Bulgari.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

28.     Bulgari hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27.

29.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered BVLGARI Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The BVLGARI Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from BVLGARI Products offered, sold or marketed under the BVLGARI Trademarks.

30.     Defendants have sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products bearing counterfeit reproductions of the BVLGARI Trademarks without Bulgari's permission.

31.     Bulgari is the exclusive owner of the BVLGARI Trademarks. Bulgari's United States Registrations for the BVLGARI Trademarks (Exhibit 1) are in full force and effect. Upon

14

information and belief, Defendants have knowledge of Bulgari's rights in the BVLGARI Trademarks, and are willfully infringing and intentionally using counterfeits of the BVLGARI Trademarks. Defendants' willful, intentional and unauthorized use of the BVLGARI Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit BVLGARI Products among the general public.

32. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Bulgari has no adequate remedy at law, and if Defendants' actions are not enjoined, Bulgari will continue to suffer irreparable harm to its reputation and the goodwill of its well-known BVLGARI Trademarks.

34. The injuries and damages sustained by Bulgari have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit BVLGARI Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

35. Bulgari hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34.

36. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit BVLGARI Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Bulgari or the origin, sponsorship, or approval of Defendants' Counterfeit BVLGARI Products by Bulgari.

37. By using the BVLGARI Trademarks on the Counterfeit BVLGARI Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit BVLGARI Products.

38. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit BVLGARI Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

39. Bulgari has no adequate remedy at law and, if Defendants' actions are not enjoined, Bulgari will continue to suffer irreparable harm to its reputation and the goodwill of its BVLGARI brand.

### COUNT III
### CLAIM FOR INJUNCTIVE RELIEF UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d)) AS TO THE DEFENDANTS OPERATING A DEFENDANT DOMAIN NAME INCORPORATING ANY OF THE BVLGARI TRADEMARKS

40. Bulgari hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 39.

41. Bulgari is the exclusive owner of the BVLGARI Trademarks. The U.S. Registrations for the BVLGARI Trademarks (Exhibit 1) are in full force and effect. Additionally, the BVLGARI Trademarks are highly distinctive and famous marks pursuant to 15 U.S.C. § 1125 and were famous before and at the time of the registration of the Defendant Domain Names.

42. Upon information and belief, Defendants operating a Defendant Domain Name incorporating the BVLGARI Trademarks have acted with bad faith intent to profit from the unauthorized use of the BVLGARI Trademarks and the goodwill associated therewith by registering, trafficking in, or using various domain names which are identical to, confusingly similar to, or dilutive of the BVLGARI Trademarks.

43.     Defendants have no intellectual property rights in or to the BVLGARI Trademarks.

44.     Defendants' actions constitute willful cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

45.     Bulgari has no adequate remedy at law, and the registration and use of the Defendant Domain Names incorporating any of the BVLGARI Trademarks has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Bulgari.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

46.     Bulgari hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 45.

47.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit BVLGARI Products as those of Bulgari; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine BVLGARI Products; representing that their Counterfeit BVLGARI Products have Bulgari's approval when they do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

48.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

49.     Bulgari has no adequate remedy at law, and Defendants' conduct has caused Bulgari to suffer damage to its reputation and goodwill.  Unless enjoined by the Court, Bulgari will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Bulgari prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the BVLGARI Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BVLGARI Product or is not authorized by Bulgari to be sold in connection with the BVLGARI Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BVLGARI Product or any other product produced by Bulgari, that is not Bulgari's or not produced under the authorization, control, or supervision of Bulgari and approved by Bulgari for sale under the BVLGARI Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit BVLGARI Products are those sold under the authorization, control or supervision of Bulgari, or are sponsored by, approved by, or otherwise connected with Bulgari;

   d. further infringing the BVLGARI Trademarks and damaging Bulgari's goodwill;

   e. otherwise competing unfairly with Bulgari in any manner; and

f.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Bulgari, nor authorized by Bulgari to be sold or offered for sale, and which bear any Bulgari trademark, including the BVLGARI Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

2)  Entry of an Order that, at Bulgari's choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Bulgari, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Bulgari's selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), shall take any steps necessary to transfer the Defendant Domain Names to a registrar account of Bulgari's selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

3)  Entry of an Order that, upon Bulgari's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, and Alibaba, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing

and Yahoo, and domain name registrars, including, but not limited to, GoDaddy, Name.com, PDR, and Namecheap, (collectively, the "Third Party Providers") shall:

    a.  disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the BVLGARI Trademarks;

    b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the BVLGARI Trademarks; and

    c.  take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index;

4) That Defendants account for and pay to Bulgari all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the BVLGARI Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5) In the alternative, that Bulgari be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the BVLGARI Trademarks and $100,000 per domain name incorporating the BVLGARI Trademarks pursuant to 15 U.S.C. § 1117(d);

6) That Bulgari be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Dated this 5th day of July 2016.      Respectfully submitted,

/s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbc.law
aziegler@gbc.law
jgaudio@gbc.law
jbloodgood@gbc.law

*Counsel for Plaintiff Bulgari, S.p.A.*